**Djapet Tarigan GERSANG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 04–74866.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Ann Carroll Varnon, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Djapet Tarigan Gersang, a native and citizen of Indonesia, petitions for review of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

■ Even if Tarigan Gersang established an exception to excuse his untimely application, substantial evidence supports the IJ's denial of asylum. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc). Tarigan Gersang did not allege past persecution. Tarigan Gersang failed to establish a well-founded fear of future persecution because even if he were a member of a disfavored group, he did not demonstrate the requisite individualized risk of persecution. *See id.* In addition, Tarigan Gersang has similarly-situated family members who remain in Indonesia without harm. *See Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001) (claim of persecution is undercut where similarly-situated family remain in the country without harm). Lastly, the record does not compel the conclusion that Tarigan Gersang established a pattern or practice of persecution against Christians in Indonesia. *See Lolong,* 484 F.3d at 1180–81. Accordingly, his asylum claim fails.

■ Because Tarigan Gersang did not establish asylum eligibility, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006). In addition, substantial evidence supports the IJ's denial of CAT

relief because Tarigan Gersang failed to demonstrate that it is more likely than not he would be tortured if returned to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.